IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**UNITED STATES OF AMERICA**,

        **Plaintiff**,

**v.**　　　　　　　　　　　　//　　**CRIMINAL ACTION NO. 1:10CR105**
　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**JOHNNY BEASON**,

        **Defendant.**


### ORDER ADOPTING REPORT AND RECOMMENDATIONS (DKT. 25) AND DENYING MOTION TO DISMISS INFORMATION (DKT. 15)

The Government charged the defendant, Johnny Beason ("Beason"), with possession of an object that threatened the order, discipline or security of a federal correctional institution in violation of 18 U.S.C. § 1791(b)(5). Specifically, the criminal information in this case charges that Beason, while incarcerated at the Federal Correctional Institution at Morgantown, West Virginia ("FCI Morgantown"), possessed a cellular telephone.

Beason filed a motion to dismiss the information, arguing that, as applied to his alleged possession of a cellphone, § 1791(b)(5) is unconstitutionally void for vagueness. The Court referred the motion to the Honorable John S. Kaull, United States Magistrate Judge, who conducted a hearing and entered a report and recommendations ("R&R")(dkt. 15), in which he concluded that the motion should be denied. Beason timely filed his objections to the R&R. After careful consideration, the Court concludes that §

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

1791(b)(5) properly applies to Beason's alleged possession of a cellphone.

## I. FACTUAL BACKGROUND

Beason was caught using a cellphone at FCI Morgantown. The parties agree that his purpose for possessing and using the phone was simply to communicate with friends and relatives on the outside.

Cellphones are banned by Bureau of Prisons ("BOP") policies; instead, inmates must use the facility's telephone service, which is subject to monitoring by BOP officials. Beason agrees that he knew possession of a cellphone could subject him to administrative punishment (loss of privileges, denial of early release for good behavior, and the like), but states that he did not know he could be criminally prosecuted for such a violation. The BOP claims that it provided such notice at weekly briefings to inmates at FCI Morgantown. Although the BOP states that it has confiscated 35-40 cellphones at FCI Morgantown in the past year, Beason's case is the first referred for prosecution, with four other instances awaiting the resolution of this case. The BOP claims that it has chosen to pursue criminal charges only against those inmates it determined were actually using a phone, not merely possessing one.

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

**II. MOTION TO DISMISS**

Beason argues that the version of § 1791 in effect at the time of his alleged offense does not sweep so broadly as to criminalize possession of a cellphone; or that if it does, such a prohibition is void for vagueness. Beason notes that subsequent to the incident giving rise to this prosecution, § 1791 was amended by the Cell Phone Contraband Act of 2010, P.L. 111-225 ("Act"). The Act specifically added cellphones and similar devices to the listing of prohibited objects in § 1791(b). In contrast, Beason's case arises under the prior version's "catch-all" provision, which makes illegal the possession of "any other object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual." It is this broad language, as applied to a cellphone, that Beason contends violates his due process rights to fair notice of what is prohibited. He further argues that such a broad interpretation of the catch-all provision would allow for arbitrary enforcement and prosecutions.

**III. ANALYSIS**

Beason's objections to the R&R are all of a legal nature, and thus the Court reviews the Magistrate Judge's conclusions de novo. Beason essentially contends that the Magistrate Judge erred in applying the reasoning set forth in the unpublished majority

opinion in United States v. Blake, 288 Fed.Appx. 791 (3rd Cir. 2008), and urges the Court to instead adopt the dissenting opinion of Judge Rendell in that same case.

Beason rationalizes that Congress's stated intent of "closing a loophole" by passing the Act necessarily implies that the possession of a cellphone was not a crime under the prior version of § 1791. The BOP responds that a reasonable person would know that an unauthorized cellphone would threaten the security or order of a prison, given Congress's attention to the issue and media reports raising the specter of inmates ordering gang killings, conducting drug business, and threatening witnesses with contraband phones.

A prior Fourth Circuit case addressed a vagueness argument made against a yet earlier version of § 1791. In United States v. Chatman, 538 F.2d 567 (4th Cir. 1976), the Court upheld a version of the statute, and its corresponding regulations, that criminalized the introduction of "anything whatsoever" into a prison that was not authorized by the facility's warden. Although this rule was quite different than the version in the case at bar, the Fourth Circuit's policy judgment holds true today. The Chatman Court noted that although such a broad ban might be improper in an "ordinary criminal statute," it was justified in the context of a

prison regulation. Id. at 569. The Court noted that it would be "virtually impossible" to list, by statute, regulation, or otherwise, all the items that might pose a threat to a prison. Id. A broad categorization, therefore, was appropriate and constitutionally sound.

Two factors are definitively not relevant to the analysis of the statute's validity. First, it is irrelevant that Beason never used his cellphone to engage in any nefarious activity. The statute criminalizes possession of certain objects, not their use. Just as an inmate may be punished for possession of a weapon, he may be charged with possession of another prohibited object, regardless of his plans for its use.

Second, Beason's knowledge that cellphones were banned by administrative regulation does not allow the Government to establish that he was aware, or should have been aware, of the potential for criminal prosecution. The BOP regulates nearly every aspect of an inmate's life, and may punish violators internally, but not all such transgressions rise to the level of a criminal offense. The various case citations submitted by the Government in which courts upheld administrative sanctions for cellphone possession are thus inapplicable to Beason's prosecution.

Nevertheless, Beason should have known that a cellphone was

sufficiently disruptive to the prison environment to support a prosecution under § 1791. He knew that they were barred, and that all phone calls must go through the monitored system provided at FCI Morgantown. The obvious motivation for this restriction is to ensure that inmates do not engage in illegal or disruptive conduct over the telephone. As an inmate, Beason would understand that a cellphone could be used to further criminal activities, to arrange for deliveries of additional contraband, or otherwise undermine security. Furthermore, he would know that a valuable item such as a cellphone could create the potential for theft and associated strife within the prison. For all these reasons, <u>Blake</u> correctly held that § 1791(b)(5) sufficiently gives prisoners notice that cellphones are prohibited objects that could give rise to prosecution.

Beason further argues that the statute has been unconstitutionally applied to him in an arbitrary manner. In contrast, the BOP states that it intends to prosecute at least four similar cases from FCI Morgantown alone. It further states that inmates there were put on notice of a policy favoring prosecution. There is no allegation that Beason was singled out for any impermissible reason. The BOP's stated reason for the prosecution of Beason and other FCI Morgantown inmates is rational: it decided

to commence such actions in response to an "epidemic" of cellphones in the facility, and further decided to prosecute only those inmates actually caught red-handed using the illegal devices. The BOP also provided the Court with citations to cases in other districts showing prosecutions of inmates for cellphone possession. There is simply no evidence that the enforcement of § 1791 in this case was arbitrary or abusive.

**CONCLUSION**

For the reasons stated, the Court **OVERRULES** Beason's objections, **ADOPTS** the R&R (dkt. 25) in its entirety, and **DENIES** the motion to dismiss (dkt. 15).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: February 1, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE